UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TRINA PURVIS and DESIREE PURVIS | : : | |
|     Plaintiffs, | : : | Civil Action No. 1:21-cv-10312 |
| v. | : : | **OPINION** |
| MAXINE A. CARSON; WERNER BUS LINES INC.; NOTLEF FELTON; TONI NELLY RICHARDSON; GREYHOUND LINES LLC; JOHN DOES 2-5; and ABC CORPORATIONS 1-5 | : : : : : : : | |
|     Defendants. | : | |

This matter comes before the Court on Defendant Greyhound Lines, Inc. ("Greyhound") and Toni Nelly Richardson's ("Richardson") Motion to Dismiss. Dkt. 12-2. The Court has considered the written submissions of the parties and concluded, for the reasons set forth below, that Greyhound's Motion to Dismiss is DENIED.

**I.    Background**

On June 2, 2019, Plaintiffs Trina Purvis and Desiree Purvis ("Plaintiffs") were passengers on a commercial bus in Atlantic City owned by Greyhound (the "Greyhound Bus"). Dkt. 16-1 at 2. Defendant Richardson, Greyhound's employee, operated the Greyhound Bus. Id. Richardson had parked the Greyhound Bus in a terminal when another bus, owned by Defendant Werner Bus Lines, LLC ("Werner") (the "Werner Bus"), approached the terminal in order to park. Id. Defendant Maxine A. Carson ("Carson"), Werner's employee, operated the Werner Bus. Id. According to Plaintiffs, the Greyhound Bus "was parked in such a position that the [Werner Bus] needed to be guided around it." Dkt. 10, ¶ 11. Werner employee Defendant Notlef Felton ("Felton") guided the Werner Bus through the terminal parking lot, but the Werner Bus collided

1

with the parked Greyhound Bus. Id. at ¶¶ 11, 26. Plaintiffs sat aboard the Greyhound Bus when the collision occurred and allege that they suffered injuries due to the collision. Id. at ¶ 11.

On April 9, 2021, Plaintiffs filed this suit in the Superior Court of New Jersey, Law Division, Atlantic County, alleging negligence against Richardson as well as vicarious liability; negligent entrustment; and negligent hiring, supervision, and training against Greyhound. Dkt. 7-7, ¶¶ 40, 43, 45, 51. The Complaint also sought recovery for punitive damages, but Plaintiffs later withdrew these claims through an Attorney Certification. Dkt. 16-3, ¶ 8. On April 28, 2021, Defendants removed the suit to this Court pursuant to 28 U.S.C. § 1441(a). Dkt. 1, ¶ 16. On May 5, 2021, Greyhound filed this Motion to Dismiss on the grounds that Plaintiffs failed to provide adequate factual support for their claims. Dkt. 12-2 at 6. On May 18, 2021, Plaintiffs moved to amend their Complaint in order to correct the name of one defendant and identify by name a fictitiously named defendant. Dkt 7-4 at 1. On May 20, 2021, the Court granted that motion. Dkt. 9.

## II.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In analyzing such a motion, courts must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007). And while a court is not required to accept sweeping legal conclusions or unwarranted inferences, Id., "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). The Court must ultimately ask whether the plaintiff has articulated

"enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556)). In meeting this standard, a complaint "does not need detailed factual allegations." Twombly, 550 U.S. at 555 (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)).

### III.    Discussion

As an initial matter, Greyhound does not move to dismiss Plaintiffs' claims of negligence against Richardson or vicarious liability against Greyhound. Dkt. 12-2. As a result, the only claims at issue for purposes of this motion are negligent hiring, supervision, and training, and negligent entrustment, both of which are independently alleged against Greyhound in Count V of the Amended Complaint. Dkt. 10, ¶ 47, 53.

> To be found liable for negligent hiring, the plaintiff must show: (1) that the employer knew or had reason to know of the particular unfitness, incompetence or dangerous attributes of the employee and could reasonably have foreseen that such qualities created a risk of harm to other persons and (2) that, through the negligence of the employer in hiring the employee, the latter's incompetence, unfitness or dangerous characteristics proximately caused the injury. To be found liable for negligent supervision or training, the plaintiff must satisfy what is essentially the same standard, but framed in terms of supervision or training. That is to say, the plaintiff must prove that (1) an employer knew or had reason to know that the failure to supervise or train an employee in a certain way would create a risk of harm and (2) that risk of harm materializes and causes the plaintiff's damages.

G.A.-H. v. K.G.G., 210 A.3d 907, 916 (N.J. 2019) (citations and quotations omitted).

In support of these claims, Plaintiffs allege that Richardson had a "poor driving history, habits, and record," and that Greyhound knew of but ignored Richardson's history. Dkt. 10, ¶ 50. At this early stage of the proceedings, these allegations, taken as true, plausibly state a for negligent hiring, supervision, and training.  These allegations show that Greyhound permitted

3

Richardson to drive commercial busses despite her "particular unfitness" for the position and that Greyhound "knew or had reason to know that the failure to supervise or train [Richardson] in a certain way would create a risk of harm." G.A.-H., 210 A.3d at 916. The Complaint also alleges that Richardson's incompetence caused the accident. Dkt. 10, ¶ 40. As a result, Plaintiffs have plausibly stated a claim for negligent hiring, training, and supervision.

Plaintiffs also allege that Greyhound negligently entrusted its vehicle to Richardson. Id. at ¶ 47–48. "In New Jersey, an owner of an automobile 'is responsible for the negligence of an incompetent driver, whom he permits to drive, with knowledge of that incompetency.'" Quigley v. Arthur, No. 10–4308, 2011 WL 5519839, at *2 (D.N.J. Nov. 10, 2011) (quoting Hala v. Worthington, 31 A.2d 844, 847 (1943)). In bringing an action for negligent entrustment,

> plaintiff[s] generally must prove that: (1) the entrustee was incompetent, unfit, inexperienced, or reckless; (2) the entrustor knew … [] should have known or had reason to know of the entrustee's condition or proclivities; (3) there was an entrustment of the dangerous instrumentality; (4) the entrustment created an appreciable risk of harm to others; and (5) the harm to the injury victim was "proximately" or "legally" caused by the negligence of the entrustor and the entrustee.

Id. (citing New Jersey Citizens United v. Hernandez, No. L-3096-02, 2006 WL 686571, at *4 (N.J. Super. Ct. App. Div. Mar. 20, 2006)).

As noted above, Plaintiffs have plausibly alleged that Richardson had a "poor driving history, habits, and record" that made her unfit for her position, that Greyhound knew or should have known of Richardson's record, and that Plaintiffs' injuries followed from Greyhound permitting Richardson to drive a commercial bus. While "an automobile is not inherently a dangerous instrumentality … it is an instrumentality that is potentially dangerous when under the control of a careless, reckless or incompetent operator." State v. Gooze, 81 A.2d 811, 817 (N.J. Super. Ct. App. Div. 1951) (citing Trussell v. Gibson, 166 A. 698 (N.J. 1933)). This is precisely what Plaintiffs allege to have happened here. In other words, the Amended Complaint plausibly

4

alleges that the bus in the hands of an unfit driver created an "appreciable risk of harm." Consequently, Plaintiffs have adequately stated a claim for negligent entrustment.

### IV.     Conclusion

For the reasons discussed above, the Court will deny Greyhound's Motion to Dismiss. An appropriate order will follow.


August 25, 2021                                                       /s/ Joseph H. Rodriguez
                                                                      Hon. Joseph H. Rodriguez, USDJ